IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

O'NEAL DANDRIDGE,

      Plaintiff,

vs.   No. 05-2401-B/P

OKTAEI HOOMAN, M.D., et al.,

      Defendants.

ORDER GRANTING RECONSIDERATION
ORDER REOPENING CASE
ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS
AND
ORDER DIRECTING PLAINTIFF TO PAY THE $250 CIVIL FILING FEE

    Plaintiff O'Neal Dandridge filed a pro se complaint on the form used for commencing actions pursuant to 42 U.S.C. § 1983 on June 1, 2005, along with a motion seeking leave to proceed in forma pauperis. On June 6, 2005, he filed a document which the Court construed as a notice of voluntary dismissal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. Because the defendants had not been served or filed any pleadings, on June 8, 2005, the Court dismissed plaintiff's lawsuit without prejudice pursuant to Rule 41(a). Judgment was entered on June 14, 2005.

    On June 16, 2005, Dandridge submitted a filing which stated "I am opening the complaint of 2005 June - 3 of 05-2401-BP." Because the case was no longer pending before the Court, the Court entered an order on June 24, 2005, striking the filing from the record.

On July 20, 2005, Dandridge filed a document which the Clerk has docketed as a motion for reconsideration. The document states in its entirety:

> I am filing motion for reconsideration of case 05-2401-BP.

The Court construe the document as a motion to allow Dandridge to withdraw his notice of voluntary dismissal. The motion is GRANTED and the case will be reopened.

Federal law provides that the "clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of" $250. 28 U.S.C. § 1914(a).[1] To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an in forma pauperis affidavit. Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking in forma pauperis standing must respond fully to the questions on the Court's in forma pauperis form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746. See, e.g., Reynolds v. Federal Bur. of Prisons, 30 Fed. Appx. 574 (6th Cir. Mar. 11, 2002); Broque v. Fort Knox Fed. Credit Union, No. 86-1896, 1997 WL 242043 (6th Cir. May 8, 1997).

As the plaintiff's motion to proceed in forma pauperis contains no information concerning his monthly income, assets, and

---

[1] Effective February 7, 2005, the civil filing fee was increased to $250.

financial obligations, the Court has no basis for concluding that he is indigent and unable to pay the filing fee or to give security therefor. Accordingly, the motion to proceed <u>in forma pauperis</u> is DENIED. The plaintiff is ORDERED, within thirty (30) days of the date of entry of this order, to pay the $250 civil filing fee. Failure to timely comply with this order will result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

    IT IS SO ORDERED this 5th day of January, 2006.

                                               s/J. DANIEL BREEN
                                               UNITED STATES DISTRICT JUDGE